UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHYHEEM TYJE LOVE | CIVIL ACTION |
| VERSUS | NO. 25-1335 |
| MICHELE DAUZAT | SECTION: D (1) |

### ORDER AND REASONS

The Court, having considered Plaintiff Shyheem Tyje Love's Petition for a Writ of Habeas Corpus,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] the failure of the Plaintiff to timely file any objection to the Report and Recommendation,[3] and having determined that the Report is neither clearly erroneous or contrary to the law, hereby approves the Report and Recommendation and adopts it as its opinion in this matter. In doing so, the Court notes that it has construed Plaintiff Shyheem Tyje Love's *pro se* pleading liberally.[4] The Court reemphasizes the admonition of the Magistrate Judge that Plaintiff **must file his state post-conviction application in the near future to pause the federal limitations period and receive the benefit of statutory tolling**.[5]

---

[1] R. Doc. 3.
[2] R. Doc. 13.
[3] Objections were due October 3, 2025. Because Plaintiff is proceeding *pro se*, the Court has allowed additional time for objections. None have been filed as of the date of this Order. Additionally, per the Briefing Order of the Magistrate Judge (R. Doc. 7), Plaintiff had thirty days from the date of the District Attorney or Attorney General's Answer to file a Reply memorandum. The District Attorney answered on September 8, 2025 (R. Docs. 10-12). The Magistrate Judge issued her Report and Recommendation before the deadline for a Reply "to put Love on notice and provide him with as much time as possible for him to file a state application for post-conviction relief." Plaintiff has not filed a Reply as of the date of this Order.
[4] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).
[5] The Court, like the Magistrate Judge, makes no findings on whether a future federal habeas petition would be timely. Plaintiff is advised that the filing of a federal habeas corpus petition, such as this

Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[6] The "controlling standard" for issuing a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[7] The Court finds that Shyheem Tyje Love's Petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay and Hold in Abeyance[8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be **DISMISSED without prejudice** for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not be issued.

---

one, does not toll the Antiterrorism and Effective Death Penalty Act of 1996 statute of limitation. *Duncan v. Walker*, 533 U.S. 167, 181–182 (2001); *Mathis v. Thaler*, 616 F.3d 461, 473 (5th Cir. 2010).
[6] 28 U.S.C. § 2253(c)(2).
[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (citation modified).
[8] R. Doc. 5.

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff a copy of this Order.

New Orleans, Louisiana, November 3, 2025.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**